IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT D. MILLER,

                Plaintiff,                Case No. 3:08 CV 364

    -vs-

                                          MEMORANDUM   OPINION

JUNG KIM,                                      AND   ORDER

                Defendant.

KATZ, J.

This cause is before the Court on Defendant Judyth Box's motion for leave to file an answer to Plaintiff's complaint *instanter* (Doc. 31), and Plaintiff's motion for an order of default against Defendant Box pursuant to Fed. R. Civ. P. 55. (Docs. 32, 37). Both motions address the issue of whether Dr. Box's nearly 15-month delay in answering the initial complaint in this action should preclude her from presenting a defense in this action. The former motion will be granted, and the latter denied.

**I. Background**

On February 14, 2008, Plaintiff, an inmate incarcerated at the Allen Correctional Institution, initiated this action by filing a complaint in this Court. After the Court granted Plaintiff's motion to proceed *in forma pauperis*, a summons was issued to the U.S. Marshall for service. In early June of 2008, Dr. Box received a copy of the Complaint and Summons in this action in her mail box at the North Central Correctional Institution, her place of employment. Box contacted her employer, MHM Service, Inc. ("MHM"), the day she received the complaint, as MHM had told her to contact the company if she was sued as a result of medical services she performed under her contract. She spoke with Lisa Entler, a registered nurse, who was MHM's

"Quality Assurance Coordinator." Entler informed Dr. Box that she would look into the situation and get back to her. When Entler did not call her back, Dr. Box followed up with a phone call a month later, at which point Entler told her not to worry about responding to the lawsuit.

At a later point, Dr. Box learned that she needed to respond to the complaint, and that she could request legal counsel through the State of Ohio. Dr. Box asserts that she then took prompt action to seek representation through the State of Ohio, and to answer the Complaint.

## II. Standard of Review

Pursuant to Fed. R. Civ. Proc. 6(b)(2), the time to complete an act required by the rules or by a court order may be enlarged after the expiration of that time upon a showing of excusable neglect. The test for determining excusable neglect requires the Court to balance the following factors:

1. The danger of prejudice to the non-moving party;

2. The length of delay and its potential impact on judicial proceedings;

3. The reason for the delay, including whether it was within the reasonable control of the movant, and;

4. Whether the moving party acted in good faith.

*Pioneer Inc. SERBS. Co. v. Brunswick Assocs. Ltd. P'ship*, 607 U.S. 380, 395 (1993). The determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. "Excusable neglect comprises both a demonstration of good faith by the moving party and a reasonable basis for noncompliance with the specified time period." 1 Moore's Federal Practice § 6.06(3)(b). In general, "[i]gnorance of when a time period expires does not qualify as excusable neglect, nor does a busy schedule, lack

of diligence, inadvertence, or other manifestations of carelessness and laxity. In most instances, mistaken reliance on provisions of the Rules or unfamiliarity with the Rules will not rise to the level of excusable neglect." *Id*. § 6.06(3)(c).

The Sixth Circuit has utilized a three part test in evaluating a defendant's objection to default judgment:

1. Whether the plaintiff will be prejudiced;

2. Whether the defendant has a meritorious defense; and

3. Whether culpable conduct of the defendant led to default.

*United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F. 2d 839, 845 (6th Cir. 1983).

**III. Discussion**

In view of the similarity of the test for "excusable neglect" and the test for entitlement to a default judgment, the Court will first consider whether Plaintiff will be prejudiced by allowing Dr. Box to now present a defense in this case, and then consider the sufficiency of Dr. Box's excuse for her delay in responding to the Complaint.

In arguing that Dr. Box's entry into the case will prejudice him, Plaintiff notes that the depositions of the two other Physician-Defendants in this case have already been conducted, and that Dr. Box's entry into the case will likely delay the close of discovery in this action. But Plaintiff fails to indicate how either of these facts establish that he will be prejudiced by Dr. Box's late entry into this case. Though deposing Dr. Box may well raise new questions that went unasked at the earlier depositions of her co-defendants, any potential inconvenience on this score appears *de minimis* and easily curable by merely deposing Dr. Box's co-defendants further.

Discovery in this case has not yet closed, and extending the discovery period further would not appear to present a danger of prejudice to Plaintiff.

Furthermore, the Court finds that Dr. Box has presented an adequate excuse for her delay in filing an answer. She promptly contacted her employer, MHM, upon learning of the suit against her, and it would seem that any negligence is more properly attributable to MHM in this case, as MHM misled Dr. Box into thinking that she did not need to worry about the pending suit. MHM's mistake, however, should not deprive Dr. Box of her right to defend herself in this action. Thus, this Court finds that Dr. Box has acted in good faith in this action; that her conduct was not culpable; and that MHM, not Dr. Box, was primarily responsible for her delay in responding.

**IV. Conclusion**

For the reasons stated above, Dr. Box's motion for leave to file an answer (Doc. 31) is granted, and Plaintiff's motion for an order of default (Docs. 32, 37) is denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE